IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KYLE GEOFFREY SANDLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:22-CV-365-MHT-CSC |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Respondents filed an answer addressing the claims for relief presented in the instant 28 U.S.C. § 2241 habeas corpus petition. Doc. 11.  In this response, Respondents contend the petition for habeas corpus relief is due to be denied because Petitioner is entitled to no relief on the claims presented therein. In addition, Respondents contend Petitioner failed to exhaust his administrative remedies relating to the issues presented, and that, consequently, he is not entitled to a judicial determination regarding his claims. Accordingly, it is

ORDERED that by **September 23, 2022**, Petitioner may file any further response to Respondents' answer.[1]  Any documents or evidence filed after this date will not be considered by the Court except upon a showing of exceptional circumstances.  At any time after September 23, 2023, the Court will determine whether an evidentiary hearing is

---

[1] Review of the proceedings shows Petitioner filed a response to Respondents' answer on August 31, 2022. Doc. 14.

1

necessary. If it appears that an evidentiary hearing is not required, the Court will dispose of the petition as justice requires. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is instructed that when responding to Respondents' answer he may file sworn affidavits, declarations under penalty of perjury, or other documents in support of his claims.[1] Affidavits or declarations should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the Court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondents' answer by use of affidavits or other documents, the Court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

---

[1] An affidavit is a statement in writing sworn to by the affiant under oath or on affirmation before a notary public or other authorized officer. If a notary/authorized officer is not available, Petitioner may support his response with a statement/declaration made under penalty of perjury as allowed by well-established federal law. *See* 28 U.S.C. § 1746 ("Whenever ... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ..., such matter may, with like force and effect, be supported, evidenced, established, or proved by the ... declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form ... If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'."). The affidavit or declaration **must be made on personal knowledge**, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

Done, this 2nd day of September 2022.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE