**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| **KYLE GEOFFREY SANDLER,**    )<br>                              )<br>     Petitioner,            )<br>                              )     CIVIL ACTION NO.<br>     v.                       )      2:22cv365-MHT<br>                              )           (WO)<br>**UNITED STATES OF AMERICA**   )<br>**and RON THWEATT,**           )<br>Supervisory U.S. Probation )<br>Officer for the Middle     )<br>District of Alabama,       )<br>                              )<br>     Respondents.           ) | |

**DISMISSAL ORDER**

On June 15, 2022, petitioner filed this habeas case under 28 U.S.C. § 2241 while serving a term of supervised release, following his release from the custody of the Bureau of Prisons (BOP) on February 16, 2022. *See* Petition (Doc. 1) at 1 and Respondent's Answer (Doc. 11) at 1-2. On August 20, 2022, petitioner's probation officer filed a petition alleging he had violated multiple conditions of his supervised release. *See* Petition for Revocation of Supervised Release (Doc. 98), *United States v. Sandler*, case number 18cr342-WKW (M.D. Ala.). On October 13, 2022, the

court revoked petitioner's term of supervised release and committed him to 23 months' imprisonment in the custody of the BOP. *See* Judgment of Revocation (Doc. 117) at 3, *United States v. Sandler*, case number 18cr342-WKW (M.D. Ala.). According to the BOP, petitioner was released from custody on April 25, 2024. *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 1, 2025).

On May 29, 2025, the court entered an order (Doc. 16) requiring the parties to show cause by June 12, 2025, why this case should not be dismissed with prejudice as moot. The order warned that this case would be dismissed if the parties failed to respond. *Id*. at 2. To date, no party has responded.

In regard to whether a 28 U.S.C. § 2241 action has been rendered moot, the Eleventh Circuit has explained:

> "... Article III of the Constitution 'limits the jurisdiction of federal courts to "cases" and "controversies,"' and the justiciability doctrine's main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot 'when it no longer presents a live controversy

2

with respect to which the court can give meaningful relief.' *See id.* (quotation marks omitted). ...

"'As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody.' *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019) (citations omitted); *see also* 28 U.S.C. § 2241(c)(3). The Supreme Court has held that the 'in custody' requirement of § 2241 is satisfied if restrictions have been placed on a petitioner's freedom of action or movement. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). This means that once a petitioner's custodial sentence has expired, 'some concrete and continuing injury ... some "collateral consequence" ... must exist if the suit is to be maintained.' *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)... .

"Ultimately, the burden remains on the petitioner to establish that his case still presents a live 'case or controversy' by demonstrating that a collateral consequence of his imprisonment persists after his release. *See Mattern v. Sec'y for Dep't of Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007). So where a habeas petitioner has been released from detention ... and he has not raised a challenge to a 'collateral consequence,' we've held that ... his habeas petition has become moot."

*Djadju v. Vega*, 32 F.4th 1102, 1106–07 (11th Cir. 2022) (additional citations omitted). Ultimately, "[t]he fundamental question is whether events have occurred that deprive [the court] of the ability to give the [petitioner]

3

meaningful relief." *Id.* at 1107 (citation omitted).

Here, petitioner sought calculation of his First Step Act credits and requested that any remaining credits be applied to his term of supervised release. Since the filing of his petition, petitioner's term of supervised release was revoked, he was committed to BOP custody for an additional 23 months' imprisonment, and he was released from BOP custody on April 25, 2024.

Because petitioner has been released from BOP custody and has not raised a "collateral consequence" challenge, a favorable decision on the merits would not provide him meaningful relief, and his petition is moot. *See Djadju*, 32 F.4th at 1107; *see also Rendon v. Broton*, No. 7:25-CV-327-RDP, 2025 WL 1547739, at *1 (N.D. Ala. May 30, 2025) (Proctor, J.) (citing *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (holding that, if a court can no longer provide meaningful relief, a case must be dismissed as moot)).

4

Accordingly, it is ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is denied as moot, and this case is dismissed with prejudice.

An appropriate judgment will be entered.

DONE, this the 3rd day of July, 2025.

                                   /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**